[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11873
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 21, 2012
JOHN LEY
CLERK

D.C. Docket No. 8:10-cr-00417-SCB-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JONATHAN L. WORTH,
a.k.a. Jonathan Laaten Worth,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 21, 2012)

Before TJOFLAT, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

After pleading guilty, Jonathan L. Worth appeals his 180-month sentence imposed for bank robbery, in violation of 18 U.S.C. § 2113(a). On appeal, Worth argues that his 180-month guidelines sentence is procedurally and substantively unreasonable. After review, we affirm.

We review the reasonableness of a sentence under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). We look first at whether the district court committed any significant procedural error, such as miscalculating the guidelines range, treating the guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to explain adequately the chosen sentence. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008).

Then, we examine whether the sentence is substantively unreasonable under the totality of the circumstances. Id. We ordinarily expect a sentence within the guidelines range to be reasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). The party challenging the sentence bears the burden of proving the sentence is unreasonable in light of the record and the § 3553(a) factors. Id.[1]

_____

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or

2

The weight to be given any particular factor is left to the sound discretion of the district court. United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007). We reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Pugh, 515 F.3d at 1191 (quotation marks omitted).

Defendant Worth raises several procedural errors, none of which has merit.[2] The record belies Worth's claims that the district court failed to consider the § 3553(a) factors or ignored his mitigating factors. The district court specifically stated that it had weighed the factors and discussed some factors at length, including several of Worth's mitigating factors. The district court's statements demonstrated that it in fact considered the § 3553(a) factors. See United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). The fact that the district court did not address each of Worth's mitigating arguments does not mean the district court failed to consider them in determining the sentence. See Amedeo, 487 F.3d at

vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

[2]The government argues that Worth did not raise his procedural errors in the district court, and we should review only for plain error. We need not resolve this issue because there is no error, plain or otherwise.

3

833.  And, given that the district court sentenced Worth within the advisory guidelines range, the district court's explanation for the chosen sentence was more than sufficient to comply with 18 U.S.C. § 3553(c)(1).

The record also shows that the district court did not rely on clearly erroneous facts.  The district court considered Defendant Worth's mitigation arguments that he suffered from impulsive behavior and that he had a rectal polyp that might be cancerous.  Contrary to Defendant Worth's contentions, there was no evidence before the sentencing court that Worth was diagnosed with either rectal cancer or impulsive disorder.[3]

We also reject Defendant Worth's argument that the district court impermissibly assumed that the victim bank teller was traumatized during the bank robbery.  At sentencing, without objection from Worth, the government advised the court that the bank teller had declined to attend the hearing because of emotional trauma she still experienced from the bank robbery.  Later, in discussing the chosen sentence, the district court acknowledged that Worth had lived a law-

---

[3]The PSI, to which Defendant Worth did not object, established that Worth was seen by medical staff at the Pinellas County Jail and diagnosed with a rectal polyp, which had not yet been tested.  At sentencing, Worth admitted that he had no documentation of a diagnosis of rectal cancer and that he was scheduled for tests the following week to see if the polyp was malignant.  The uncontroverted PSI also stated that Worth had traits of impulsive disorder, but had never been diagnosed with that disorder and had received mental health treatment during his prior term of supervised release to help him deal with his impulsive behavior.

abiding life for several years before committing the charged bank robbery, but also stressed that bank robberies were serious offenses. The district court then stated, "I'm sorry the victim isn't here because a lot of the times we discount how traumatizing that is for someone who gets robbed, especially with somebody that has something over their face and that sort of thing. It is an extremely traumatizing event for a victim."[4] The district court then reiterated that bank robbery was a very serious crime and that this was Defendant Worth's second bank robbery conviction.

A sentencing court "may consider relevant information without regard to its admissibility" if it has sufficient indicia of reliability. See U.S.S.G. § 6A1.3(a); see also United States v. Baker, 432 F.3d 1189, 1254-55 (11th Cir. 2005). At sentencing, Worth did not object to the government's proffer about the bank teller's emotional trauma. Nor does he argue on appeal that the proffer was unreliable or false. In any event, the district court's later statement appears to be a general observation that bank robberies—particularly those by masked robbers—are traumatizing to the victims and thus are serious crimes, rather than a fact finding that this particular victim was traumatized.

---

[4]According to the PSI, Defendant Worth, while wearing a stocking over his head, pushed a bank customer aside and ordered the bank teller to give him money.

5

Finally, the district court did not find, as Worth claims, that Worth "did not commit more crimes than he had because he has been incarcerated." At sentencing, Worth argued in mitigation that he committed many of his crimes "a long time ago when [he] was young." In response, the district court observed that Worth could not have committed any crimes from 1995 until 2007 because he was incarcerated for his first bank robbery conviction during that time. The district court went on to note that Worth had committed the instant bank robbery within three years of his 2007 release. When read in context, the district court's comments merely reflect its consideration of the import of Worth's undisputed criminal history.

Defendant Worth also has not shown that his 180-month sentence, within the advisory guidelines range of 168 to 210 months, was substantively unreasonable. Worth has an extensive criminal history, including convictions for aggravated battery, robbery and bank robbery, which yielded ten criminal history points and a career offender designation. Worth also has numerous prior convictions that did not receive criminal history points, including burglary of a structure, aggravated assault, strong arm robbery, grand theft and forgery. Three years after serving a 151-month sentence for his first bank robbery offense, Worth committed this second bank robbery.

Based on Worth's extensive criminal history and recidivism, the district court concluded that Worth was a danger to the community and that a 180-month sentence was necessary to protect the public. Under the totality of the circumstances, we cannot say the district court abused its discretion.

**AFFIRMED**.